UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF COOPWOOD, an individual, on behalf of himself, the general public and those similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; NEW CINGULAR WIRELESS SERVICES, INC., AND DOES 1 THROUGH 50,<br><br>             Defendants. | CV 08-3683 SVW (PLAx)<br><br>ORDER LIFTING STAY OF PROCEEDINGS<br><br>JS - 5 |

    Previously, Defendants sought to stay proceedings pending the resolution of Defendants' appeal of the Court's August 14, 2009 Order Denying Defendants' Motion to Compel Arbitration. On September 30, 2009, the Court granted Defendants' Motion and stayed proceedings.

    Plaintiff has identified new authority that requires the Court to reassess the propriety of the stay. In <u>Laster v. AT&T Mobility LLC</u>, No. 08-56394 (9th Cir. Oct. 27, 2009), the Ninth Circuit issued a

precedential opinion holding that an arbitration provision similar to Defendants' is unconscionable and unenforceable under California law.

In deciding the propriety of the stay, the Court is guided by its own discretion, with a special focus on whether the desired appeal "presents a substantial question" of law. Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990).

In light of the precedential authority identified by Plaintiff, the Court believes that Defendants' appeal no longer presents a sufficiently "substantial question" of law to justify a lengthy[1] stay of proceedings. The Laster opinion significantly narrows the scope of Defendants' potential arguments. After Laster, Defendants are only able to argue a single narrow question: whether Plaintiff's claims are "predictably small" within the meaning of Laster, Shroyer v. New Cingular Wireless Svcs., Inc., 498 F.3d 976 (9th Cir. 2007), and Discover Bank v. Sup. Ct., 113 P.3d 1100 (Cal. 2005). This is not a "substantial question" sufficient to justify an indefinite halt on proceedings. As the Court explained in its August 14, 2009 Order:

> Although Defendants correctly point out that each case has used the damages of the particular case to address this factor, the actual wording of the Discover Bank test does not refer to the damages at issue in the case, but the predictability of the damages in the setting of the agreement. Under California law, "[t]he critical juncture for determining whether a contract is unconscionable is

---

[1] The Court notes that the Laster appeal required roughly fourteen months to complete. Compare Laster v. AT&T Mobility LLC, No. 08-56394 [District Court No. 3:05-cv-1167-DMS-AJB] (9th Cir. Oct. 27, 2009 with Laster v. T-Mobile USA, Inc., No. 05cv1167-DMS (S.D. Cal. Aug. 11, 2008).

2

      the moment when it is entered into by both parties-not whether it is unconscionable in light of subsequent events." Am. Software, Inc. v. Ali, 46 Cal. App. 4th 1386, 1391 (1996) (citing Cal. Civ. Code § 1670.5).  Therefore, whether a contract is unconscionable should not depend solely on the damages claimed in the Complaint. Such a rule would allow the subsequent events of an agreement to dictate whether a contract is unconscionable or not, and thereby directly contradict California law that unconscionability of a contract be determined as of the time of the agreement.  Courts may have used the damages requested in the case at hand as a gauge for predictability, but Defendants have not presented one case where a plaintiff's claim for larger damages precluded unconscionability. Therefore, this Court finds that Plaintiff's claim for emotional damages connected to the deletion of his mother's voicemail does not take this agreement out of a setting in which disputes predictably involve small damages.

August 14, 2009 Order Denying Defendants' Motion to Compel, at 11-12.

    Accordingly, the Court ORDERS that the stay be LIFTED.  The parties are ORDERED to comply with the schedule set forth in the Court's September 30, 2009 Order Granting Stipulation Regarding Class Certification and Discovery.

IT IS SO ORDERED.

DATED:  November 12, 2009

          STEPHEN V. WILSON
      UNITED STATES DISTRICT JUDGE