MAYER BROWN LLP
JOHN NADOLENCO (State Bar No. 181128)
  jnadolenco@mayerbrown.com
LISA W. CORNEHL (State Bar No. 232733)
  lcornehl@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

**NOTE CHANGES**
**MADE BY THE**
**COURT**
**(pages 4 & 5)**

MAYER BROWN LLP
DONALD M. FALK (SBN 150256)
  dfalk@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2000
Facsimile:   (650) 331-2060

Attorneys for Defendants
AT&T MOBILITY LLC; NEW CINGULAR WIRELESS
PCS LLC; NEW CINGULAR WIRELESS SERVICES,
INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JEFF COOPWOOD, an individual, on behalf of himself, the general public and those similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; NEW CINGULAR WIRELESS SERVICES, INC., AND DOES 1 THROUGH 50,<br><br>                    Defendants. | Case No. CV 08-03683-SVW (PLAx)<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER**<br><br>Hon. Stephen V. Wilson |

1

## **ORDER**

2      The parties having entered into a Stipulated Protective Order providing the

3 terms and conditions for the confidentiality of evidence produced in this matter, a

4 copy of which is attached hereto as Exhibit A, and FOR GOOD CAUSE SHOWN,

5      IT IS SO ORDERED.

6      Dated:  February 26, 2010

7                                  Hon. Paul L. Abrams
                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

Mayer Brown LLP
John Nadolenco (STATE BAR NO. 181128)
  jnadolenco@mayerbrown.com
Lisa W. Cornehl (STATE BAR NO. 232733)
  lcornehl@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

MAYER BROWN LLP
DONALD M. FALK (SBN 150256)
  dfalk@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:  (650) 331-2000
Facsimile:  (650) 331-2060

Attorneys for Defendants
AT&T MOBILITY LLC; NEW CINGULAR WIRELESS
PCS LLC; NEW CINGULAR WIRELESS SERVICES,
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JEFF COOPWOOD, an individual, on behalf of himself, the general public and those similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>AT&T MOBILITY LLC; NEW CINGULAR WIRELESS PCS LLC; NEW CINGULAR WIRELESS SERVICES, INC., AND DOES 1 THROUGH 50,<br><br>          Defendants. | Case No. CV08-03683 (SVW) (PLAx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Hon. Stephen V. Wilson |

1    WHEREAS Plaintiff Jeff Coopwood and Defendants AT&T Mobility LLC,

2   New Cingular Wireless PCS LLC, and New Cingular Wireless Services, Inc.

3   (collectively, "Defendants") (collectively the "Parties") seek this Court's approval

4   of this Stipulated Protective Order;

5    WHEREAS discovery in this Action will require production of trade secrets

6   and confidential and proprietary materials and information, which if disclosed, will

7   cause competitive harm to the party producing the materials and information; and

8    WHEREAS such trade secrets and confidential and proprietary materials and

9   information consist of, among other things, confidential financial information and

10   information regarding confidential business practices (including information on

11   pricing, advertising, strategy, customer identification and classification, and

12   information implicating privacy rights of third parties);

13    NOW THEREFORE, IT IS HEREBY STIPULATED by and among the

14   Parties to this Action, through their respective counsel, as follows:

15    1.    In connection with discovery proceedings in this action, any Party

16   may, in good faith, designate any document, thing, material, testimony or other

17   information derived therefrom, as "CONFIDENTIAL" or "CONFIDENTIAL

18   AND ATTORNEYS' EYES ONLY" (collectively referred to as "Confidential and

19   Confidential and Attorneys' Eyes Only Materials"), under the terms of this

20   Stipulated Protective Order (the "Protective Order").

21    2.    The designation "CONFIDENTIAL" shall be limited to confidential

22   materials and information that consist of, among other things, confidential

23   financial information and information regarding confidential business practices

24   (including information on pricing, advertising, strategy, customer identification

25   and classification, and information implicating privacy rights of third parties) that

26   the disclosing party or nonparty ("Producing Party" or "Source") reasonably

27   believes has not been made public and the disclosure of which will have the

28   potential effect of causing harm to the competitive position of the person, firm,

1   partnership, corporation, or to the organization from which the information was
2   obtained.  Materials designated as "CONFIDENTIAL," shall be used only for the
3   purpose of the prosecution, defense, or settlement of this action, and for no other
4   purpose.

5       By designating information "CONFIDENTIAL," under the terms of this
6   order, the party making the designation is certifying to the court that there is a
7   good faith basis both in law and in fact for the designation within the meaning of
8   Federal Rule of Civil Procedure 26(g).

9       3.    The designation "CONFIDENTIAL AND ATTORNEYS' EYES
10  ONLY" shall be limited to trade secrets and proprietary materials that the Source
11  reasonably believes has not been made public and the disclosure of which will
12  have the potential effect of causing material harm to the competitive position of the
13  person, firm, partnership, corporation, or to the organization from which the
14  information was obtained.  Materials designated as "CONFIDENTIAL AND
15  ATTORNEYS' EYES ONLY"  shall be used only for the purpose of the
16  prosecution, defense, or settlement of this action, and for no other purpose.

17      By designating information "CONFIDENTIAL AND ATTORNEYS' EYES
18  ONLY," under the terms of this order, the party making the designation is
19  certifying to the court that there is a good faith basis both in law and in fact for the
20  designation within the meaning of Federal Rule of Civil Procedure 26(g).

21      4.    Confidential and Confidential and Attorneys' Eyes Only Materials
22  shall be so designated by stamping copies of the document produced to a Party
23  with the legend "CONFIDENTIAL" or "CONFIDENTIAL AND ATTORNEYS'
24  EYES ONLY."  Stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL
25  AND ATTORNEYS' EYES ONLY" on the cover of any multipage document
26  shall designate all pages of the document as confidential, unless otherwise
27  indicated by the Producing party.

28      5.    Testimony taken at a deposition may be designated as Confidential or

-2-

28825353

1   Confidential and Attorneys' Eyes Only Material by making a statement to that
2   effect on the record at the deposition or by providing notice of such designation
3   within 30 days of the completion of the deposition.  Arrangements shall be made
4   with the court reporter taking and transcribing such proceeding to separately bind
5   such portions of the transcript containing information designated as confidential,
6   and to label such portions with the legend "CONFIDENTIAL" or
7   "CONFIDENTIAL AND ATTORNEYS' EYES ONLY."
8        6.      Information designated as "CONFIDENTIAL" may be disclosed or
9   made available only to the Court and its personnel (subject to provisions for filing
10  under seal set forth below), outside counsel for any Party including their
11  associates, paralegals and clerical personnel, the Parties, including employees and
12  agents of the Parties, in-house counsel of the parties who are involved in the
13  management of the proceeding, and to the following "Qualified Persons":
14          a.      Persons retained or consulted by the Parties or their attorneys
15  for purposes of this litigation (including, but not limited to, experts), if such
16  persons reasonably require the information to enable them to assist counsel in the
17  prosecution or defense of this litigation;
18          b.      Any court reporters who takes testimony, their staff, and
19  professional vendors to whom disclosure is reasonably necessary for this litigation;
20  or
21          c.      A witness at any deposition or other proceeding is this action;
22  and
23          d.      Any other person as to whom the parties in writing agree.
24       7.      Information designated as "CONFIDENTIAL AND ATTORNEYS'
25  EYES ONLY" may be disclosed, or made available only to the Court and its
26  personnel (subject to provisions for filing under seal set forth below), outside
27  counsel for any Party including their associates, paralegals and clerical personnel,
28  and to the "Qualified Persons" designated above in subparagraphs a through d.

-3-

8.     Prior to receiving any Confidential or Confidential and Attorneys' Eyes Only Materials, each "Qualified Person" shall execute an agreement to be bound by the terms of this Protective Order in the form attached hereto as Exhibit "A," a copy of which shall be provided forthwith to counsel for each other Party or for the Parties;

9.     This Protective Order shall be binding upon the Parties (including all employees and agents of the Parties), outside counsel for any Party (including their associates, paralegals and clerical personnel), in-house counsel of the parties who are involved in the management of the proceeding, and all "Qualified Persons" who, pursuant to the preceding paragraph, have executed an agreement to be bound by the terms of this Protective Order. No person or entity upon whom this Protective Order is binding shall use materials designated as "CONFIDENTIAL" or "CONFIDENTIAL AND ATTORNEYS' EYES ONLY" for any purpose other than in connection with the Action.

10.     All documents that are designated "CONFIDENTIAL" or "CONFIDENTIAL AND ATTORNEYS' EYES ONLY" by any Party that are filed with the Court, marked as an exhibit at a deposition, or otherwise provided to any other Party or counsel in the Action for any purpose shall be filed under seal pursuant to Central District of California Rule 79-5.1 until further order of this Court. This Section shall not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial. **An application to file under seal must be submitted. It must show good cause for the under seal filing.**

11.     Nothing in this Protective Order shall prevent any Party from disclosing its own "CONFIDENTIAL" or "CONFIDENTIAL AND ATTORNEYS' EYES ONLY" documents as it deems appropriate. However, the restrictions set forth in this Order shall not apply to information that is public before the date of its transmission to the receiving Party, or which becomes known to the public after the date of its transmission to the receiving Party, provided that

-4-

28825353

1    such information does not become publicly known by any act or omission of the

2    receiving Party, its employees, or its agents which would be in violation of this

3    Protective Order.

4         12.     Should either Party believe that the other Party has inappropriately

5    designated or is inappropriately designating documents or information

6    "CONFIDENTIAL" or "CONFIDENTIAL AND ATTORNEYS' EYES ONLY",

7    or otherwise wishes to be relieved of obligations under this Order, it may petition

8    the Court **using Local Rule 37** to be relieved of its obligations upon ten (10) days'

9    written notice to the other Party.  Until the Court rules on the motion, Confidential

10   or Confidential and Attorneys' Eyes Only Materials shall continue to be treated

11   and designated as confidential.  It shall be the burden of the party who makes the

12   designation to demonstrate that the material or information at issue was properly

13   designated.

14        13.     If a Party in possession of Confidential or Confidential and Attorneys

15   Eyes Only Materials receives a subpoena from a non-party to this Stipulation and

16   Order seeking production or other disclosure of Confidential or Confidential and

17   Attorneys' Eyes Only Materials, he or she shall immediately give written notice to

18   counsel for the Party who designated the Confidential or Confidential and

19   Attorneys' Eyes Only Materials as confidential stating the Confidential or

20   Confidential and Attorneys' Eyes Only Materials sought and enclosing a copy of

21   the subpoena.  At least 10 days notice before production or other disclosure must

22   be given unless the non-party has obtained an order of a court of competent

23   jurisdiction compelling production within 10 days.  In that event, no production or

24   disclosure shall be made before telephonic notice is given and, whenever possible,

25   sufficiently in advance of production or disclosure to afford the Party to whom

26   such notice has been given at least three business days to take appropriate action,

27   including seeking judicial relief.

28        14.     Within 60 days of the final resolution of this Action, including

-5-

1  appeals, all Parties and persons to whom any Confidential or Confidential and

2  Attorneys' Eyes Only Materials have been disclosed or provided shall either return

3  them to the Producing Party or destroy all such Confidential or Confidential and

4  Attorneys' Eyes Only Materials, in which event the Party or person in possession

5  of the Confidential or Confidential and Attorneys' Eyes Only Material shall give

6  written certification of such destruction to Counsel for the Producing Party;

7  provided, however, that this obligation shall not extend to any Confidential or

8  Confidential and Attorneys' Eyes Only Materials included in conformed copies of

9  materials filed with the Court. Notwithstanding the preceding paragraph, the

10  attorney of record for any Party may retain an archival copy of all pleadings,

11  motion papers, transcripts, legal memoranda, correspondence or attorney work

12  product, even if such materials contain Confidential or Confidential and Attorneys'

13  Eyes Only Material.  Any such archival copies that contain or constitute

14  Confidential or Confidential and Attorneys' Eyes Only Material remain subject to

15  this Protective Order.

16      15.    Neither the taking of any action in accordance with the provisions of

17  this Protective Order, nor the failure to object thereto, shall be construed as a

18  waiver of any claim or defense in this Action.  The entry of this Protective Order

19  shall not be construed as a waiver of any right to object, on any other grounds, to

20  the furnishing of information in response to discovery and, except as expressly

21  provided, shall not relieve any Party of the obligation to produce information in the

22  course of discovery.

23      16.    This Protective Order shall not prevent any Party from applying to the

24  Court for relief therefrom, or from applying to the Court for further or additional

25  protective orders, or from agreeing to modify this Protective Order, subject to the

26  approval of the Court.

27      17.    This Protective Order shall not control the use of any evidence during

28  the trial of this Action.  However, nothing herein shall preclude any Party from

-6-

28825353

1  seeking the assistance of the Court in maintaining the confidential nature of any

2  evidence which is presented at trial.

3       18.   If a Party through inadvertence or otherwise produces or provides

4  discovery of any Confidential or Confidential and Attorneys' Eyes Only Materials

5  without designating it as such in accordance with this Protective Order, the

6  Producing Party may give written notice to the Party or Parties that have received

7  the Confidential or Confidential and Attorneys' Eyes Only Materials that the

8  document(s), information, response, testimony or other discovery are Confidential

9  or Confidential and Attorneys' Eyes Only Materials and should be treated as

10  confidential in accordance with the provisions of this Protective Order.  The Party

11  or Parties that have received the materials must treat the materials as confidential

12  from the date such notice is received.  The inadvertent disclosure of any

13  confidential document or information shall not be deemed a waiver of

14  confidentiality as to any other document in which such information may be

15  contained.

16       IT IS SO STIPULATED.

17  Dated:  February 25, 2010          GUTRIDE SAFIER LLP
                                       ADAM GUTRIDE
18                                     SETH SAFIER

19
                                       By: s/ Seth Safier
20                                          Seth Safier
                                            seth@gutridesafier.com
21                                     Attorneys for Plaintiff JEFF
                                       COOPWOOD, an individual, on behalf of
22                                     himself, the general public and those
                                       similarly situated
23
    Dated:  February 25, 2010          MAYER BROWN LLP
24                                     JOHN NADOLENCO
                                       LISA W. CORNEHL
25

26                                     By: s/ John Nadolenco
                                            John Nadolenco
27                                          jnadolenco@mayerbrown.com
                                       Attorneys for Defendants
28                                     AT&T MOBILITY LLC; NEW

                              -7-
                                       [PROPOSED] STIPULATED PROTECTIVE ORDER

28825353

1    CINGULAR WIRELESS PCS LLC; and
2    NEW CINGULAR WIRELESS SERVICES, INC.

3    **<u>EXHIBIT A</u>**

4    <u>NON-DISCLOSURE AGREEMENT</u>

5

6    I, _____, do solemnly swear that I am fully familiar

7    with the terms of the stipulated protective order in Jeff Coopwood v. AT&T

8    Mobility LLC et al., pending before the United States District Court for the Central

9    District of California, Civil Action No. CV08-03683 (SVW) (PLAx), and hereby

10   agree to comply with and be bound by the terms and conditions of said Order

11   unless and until modified by further Order of this Court.  I hereby consent to the

12   jurisdiction of said Court for purposes of enforcing this Order.

13

14   DATED: _____        _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

[PROPOSED] STIPULATED PROTECTIVE ORDER

28825353